**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| **JACQUELINE BAKER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LEE MEMORIAL HEALTH SYSTEM**,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:20-cv-483<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **JACQUELINE BAKER** ("**BAKER**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Americans with Disabilities Act (ADA), Florida Civil Right Act (FCRA) and Fair Labor Standards Act (FLSA) for (1) discrimination in violation of the ADA, (2) discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, (4) retaliation in violation of the FCRA, and (5) retaliation in violation of the FLSA.

**PARTIES**

2. The Plaintiff, **JACQUELINE BAKER** ("**BAKER**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida.

3. Defendant, **LEE MEMORIAL HEALTH SYSTEM** ("**LMHS**") is engaged in the business of operating hospitals in southwest Florida, and has a principal place of business at 9800 South Healthpark Drive, Fort Myers, Florida 33908. **LMHS** employed **BAKER**.

4. At all material times, **LMHS** employed greater than fifteen (15) employees.

1

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **LMHS** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

7. **BAKER** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on April 10, 2020 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

**GENERAL ALLEGATIONS**

8. **BAKER** began her employment with **LMHS** on or about August 24, 2014 and was employed as a patient access specialist II.

9. **BAKER** always performed her assigned duties in a professional manner and was extremely well qualified for her position despite being a qualified person with a disability.

10. **BAKER** always received fully successful to exceptional performance reviews from **LMHS** prior to developing a disability and requesting reasonable accommodations.

11. In February 2018, **BAKER** requested, and was later granted reasonable accommodations for her disability (Seropositive Rheumatoid Arthritis, Bursitis multiples areas, Lumbar scoliosis), which consisted of having a standing desk installed.

12.     However, in October 2018, **BAKER**'s work location was moved to a new building and her new director refused to adhere to the previously granted reasonable accommodations and stated **BAKER** needed to re-start the interactive process under the ADA.

13.     **LMHS** then refused to implement the previously granted reasonable accommodation, despite the fact that others outside of **BAKER**'s protected class had stand-up desks installed by **LMHS**.

14.     **BAKER** objected to such disparate treatment repeatedly and also began demanding payment of her then-unpaid overtime wages.

15.     As a result, **LMHS** suddenly began issuing **BAKER** completely unwarranted verbal and written discipline.

16.     Unbeknownst to **BAKER**, **LMHS** then devised a plan to terminate her employment, which it did on March 8, 2019, just weeks after she requested reinstatement of her reasonable accommodation.

17.     At all material times, **LMHS** was aware of **BAKER**'s disability and her objections to unpaid overtime, which are the bases for its discriminatory employment practices toward her.

### COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

18.     Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

19.     At all relevant times, **BAKER** was an individual with a disability within the meaning of the ADAAA.

20.     Specifically, **BAKER** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

21.     **BAKER** is a qualified individual as that term is defined in the ADAAA.

22.     **BAKER** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with **LMHS**.

23.     At all material times, **BAKER** was an employee and **LMHS** was her employer covered by and within the meaning of the ADAAA.

24.     **BAKER** has disabilities, which qualify under the ADAAA.

25.     **LMHS** discriminated against **BAKER** with respect to the terms, conditions, and privileges of employment because of her disabilities.

26.     **LMHS** conducted itself with malice or with reckless indifference to **BAKER**'s federally protected rights.

27.     **LMHS** discriminated against **BAKER** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

28.     The conduct of **LMHS** altered the terms and conditions of **BAKER**'s employment and **BAKER** suffered negative employment action in the form of discipline and termination.

29.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **BAKER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

30.     As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BAKER** is entitled to all relief necessary to make her whole.

31.     As a direct and proximate result of the Defendant's actions, **BAKER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future

employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

32.     **BAKER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

33.     Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

34.     At all relevant times, **BAKER** was an individual with a disability within the meaning of the FCRA.

35. Specifically, **BAKER** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

36. **BAKER** is a qualified individual as that term is defined in the FCRA.

37. **BAKER** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with **LMHS**.

38. At all material times, **BAKER** was an employee and **LMHS** was her employer covered by and within the meaning of the FCRA.

39. **BAKER** has disabilities, which qualify under the FCRA.

40. **LMHS** discriminated against **BAKER** with respect to the terms, conditions, and privileges of employment because of her disabilities.

41. **LMHS** conducted itself with malice or with reckless indifference to **BAKER**'s protected rights under Florida law.

42. **LMHS** discriminated against **BAKER** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

43. The conduct of **LMHS** altered the terms and conditions of **BAKER**'s employment and **BAKER** suffered negative employment action in the form of discipline and termination.

44. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **BAKER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

45. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BAKER** is entitled to all relief necessary to make her whole.

46. As a direct and proximate result of the Defendant's actions, **BAKER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

47. **BAKER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADAAA- RETALIATION

48. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

49. Following **BAKER**'s re-request for reasonable accommodation and objection to disability discrimination, **LMHS** retaliated by altering the terms and conditions of her employment by terminating **BAKER**.

50. **BAKER**'s objection to disability discrimination constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

51. Said protected activity was the proximate cause of **LMHS**' negative employment actions against **BAKER** including changed working conditions, discipline, and ultimately termination.

52. Instead of ceasing its disparate treatment based upon disability, **LMHS** retaliated against **BAKER** via changed working conditions, discipline, and termination.

53. The acts, failures to act, practices and policies of **LMHS** set forth above constitute retaliation in violation of the ADAAA.

54. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **BAKER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

55. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BAKER** is entitled to all relief necessary to make her whole as provided for under the ADAAA.

56. As a direct and proximate result of **LMHS**' actions, **BAKER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

57. **BAKER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

58. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

59. Following **BAKER**'s re-request for reasonable accommodation and objection to disability discrimination, **LMHS** retaliated by altering the terms and conditions of her employment by terminating **BAKER**.

60. **BAKER**'s objection to disability discrimination constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

61. Said protected activity was the proximate cause of **LMHS**'s negative employment actions against **BAKER** including changed working conditions, discipline, and ultimately termination.

62. Instead of ceasing its disparate treatment based upon disability, **LMHS** retaliated against **BAKER** via changed working conditions, discipline, and termination.

63. The acts, failures to act, practices and policies of **LMHS** set forth above constitute retaliation in violation of the FCRA.

64. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **BAKER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

65. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BAKER** is entitled to all relief necessary to make her whole as provided for under the FCRA.

66. As a direct and proximate result of **LMHS**'s actions, **BAKER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

67. **BAKER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT V – FLSA RETALIATION – LMHS

68. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

69. At all material times, **BAKER** was an employee and **LMHS** was her employer, and a covered employer under the FLSA.

70. **BAKER** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that **LMHS** was violating the FLSA by not paying her wages.

71. **LMHS** was aware of **BAKER**'s objection to **LMHS**'s violations of the FLSA.

72. **LMHS** subjected **BAKER** to adverse employment action by terminating **BAKER**.

73. **LMHS**, in subjecting **BAKER** to adverse employment action, retaliated and discriminated against her because of complaints, objections and concerns raised by her to **LMHS**.

74. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **BAKER** has lost the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

75. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BAKER** is entitled to all relief necessary to make her whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing this Defendant to cease and desist from all retaliation against employees who engage in speech protected by the FLSA;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Liquidated damages;

iv. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

vi.   Declaratory relief declaring the acts and practice of the Defendant to be in violation of the statutes cited above;

vii.   Reasonable attorney's fees plus costs;

viii.   Compensatory damages, and;

ix.   Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JACQUELINE BAKER**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: July 6, 2020

/s/ **Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com